Mr. Justice Clayton
delivered the opinion of the court.
Two questions are presented by this record. The first is, whether, after the assent of an executor to a legacy, and after the property has passed into the hands of the legatees, it is still subject to an execution against the executor for a debt of the testator.
This point was expressly decided in the case of Brooks v. *144 Lewis, 1 How. 207, and the right of the creditor so to proceed, established.. That settled the construction of our statute on the subject, and it has not since been questioned, to our knowledge, till the present case arose. After so long an acquiescence, we do not feel at liberty to depart from it, even if there were doubts of its original correctness. But there can be no doubt of the liability of all a decedent’s estate to the payment of his debts, and it is not a matter of greát moment, what course is adopted to reach it.
The other question cannot be better explained, than by a brief statement of the facts. 'The debt on which the judgment at law was obtained, arose from a purchase of land by the testator, Smith, from the seminary fund, for which he executed his notes, with H. K. Moss as his surety. After failure in the payment, suit was brought and judgment rendered against Moss alone. Execution issued, which was levied on the land so purchased by Smith, notwithstanding there was no judgment against him. The commissioner of the seminary fund purchased the land at the execution sale; but it is now insisted that the sale was void, and that no credit should be entered on the execution for the amount bid by the commissioner. The chancellor directed a credit to be given for the amount of the bid, and the injunction to be made perpetual to that extent.
In support of the chancellor’s decree, it is urged, that, by the act of 1843, Hutch. Code, 224, it is made the duty of the sheriff, !i upon any judgment rendered on a note, given for the purchase-money of any of the seminary lands, to levy the execution upon said lands, and sell the same; ” and it is insisted that the sheriff but performed this duty in the present sale. The object of that statute was, to enable the sheriff to sell an equitable title under execution at law.
The statute authorizing the sale of the seminary lands, by the auditor, directs, “ that he shall give a certificate to the purchaser, specifying what lands he had bought, and the amount bid therefor, and that upon payment of the full amount, and the production of the certificate, he shall make full and complete title to said lands.” Hutch. Code, 215. Apart from the statute *145 of 1843, the interest of the purchaser could only be reached by suit in equity; and the whole extent of that statute is, to authorize the sale of the interest under execution at law. But it would be contrary to the first principles of the law, to hold, that the interest or estate of any man can be sold under execution, without judgment against him. Such sale is wholly unauthorized and void. It can pass no title, legal or equitable, to the purchaser. The validity of alii egal proceedings rests upon notice, actual or constructive, to the party whose interest is to be affected. A judgment without notice is void, and a sale under execution not founded upon judgment with notice, must be equally so. It is true, that at sheriff’s sale there is no warranty of title; yet, if there be no judgment, there is no authority to sell, and the whole transaction is a nullity.
The decree must, therefore, be reversed, and the injunction wholly dissolved — so far as the appeal of the state extends — and affirmed as to the other appeal.
Judge Guión filed an elaborate petition for a rehearing; and the court thereupon delivered the following opinion.

Per curiam.

A petition for re-argument has been presented in this case, because the court mistook the law as to the right of a judgment creditor, to levy his execution on the property of the deceased after distribution. The petition is based mainly on the case of Turner v. Chambers, 10 S. & M. 308. It is there stated, that the remedy in such cases is in equity, but there was no such question involved in the case; the point was not presented by the record. That the general doctrine is so, is not denied; but the case of Brooks v. Lewis, 1 How. 207, was directly on the point, and decided on the provisions of the statute. The same question was directly involved also in Vanhouten v. Reily, 6 S. & M. 440, and decided in the same way. Two decisions directly on the question, must outweigh the case of Turner v. Chambers, in which the question was not raised.
The application must therefore be refused.